UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:01CV-20-R
CRIMINAL ACTION NO. 1:96CR-20-R

JOE LOGAN                                                                                          MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                                        RESPONDENT/PLAINTIFF

**MEMORANDUM & ORDER**

This matter is before the Court on the movant/defendant, Joe Logan's, motion pursuant to Fed. R. Civ. P. 60(b)(5)&(6) for relief from this Court's order denying his 28 U.S.C. § 2255 motion. For the following reasons, the motion will be denied.

**I.**

Logan's employer and co-defendant Suresh Kumar sought to collect the proceeds of an insurance policy on his failing hotel in Bowling Green, Kentucky. To accomplish this task, Kumar engaged the services of Logan, his maintenance man, to set fire to the hotel. In 1996, Logan set fire to the hotel. The fire destroyed the building, killed four individuals, and seriously injured fifteen others. Kumar then filed an insurance claim for more than $4.5 million in losses. *United States v. Logan*, Nos. 97-5912, 97-5914, 1999 U.S. App. LEXIS 16966 (6th Cir. July 19, 1999).

During pretrial proceedings for Kumar and Logan's joint trial, Kumar argued that the deaths in the hotel fire were irrelevant to the arson offense to be considered by the jury and thus that evidence of the deaths was barred by Federal Rules of Evidence 401 and 402. This Court noted the split of authority as to whether the issue of death was an element of the aggravated

arson offense or a mere sentencing enhancement. The Court ultimately determined that death was not an element and granted Kumar's motion to keep evidence of the deaths from the jury. After a joint trial with co-defendant Kumar, the jury on February 28, 1997, found Logan guilty of (1) conspiracy to commit mail fraud and arson in violation of 18 U.S.C. §§ 371, 844(i), and 1341; and (2) arson of real property used in or affecting interstate commerce in violation of 18 U.S.C. § 844(i). The jury did not decide whether any death or serious bodily injury resulted from the arson. The jury acquitted Logan of mail fraud. Pursuant to 18 U.S.C. § 844(i), this Court on July 7, 1997, sentenced Logan to life imprisonment for the arson charges because the arson caused the death of four people. Logan appealed his sentence to the Sixth Circuit. The Sixth Circuit affirmed his sentence on July 19, 1999. Logan subsequently petitioned the Supreme Court for a writ of certiorari, but the Court denied his petition.

On March 24, 1999, the Supreme Court decided *Jones v. United States*, 526 U.S. 227 (1999), which held that the federal carjacking statute required the jury to decide, as an element of the statutory offense, whether death occurred as a result of the relevant criminal conduct.

Logan then filed a motion for collateral relief pursuant to 28 U.S.C. § 2255 on January 16, 2001, arguing in part that his sentence was imposed in violation of *Jones*. This Court held that Logan could not rely on *Jones* in his § 2255 motion because it did not announce a new rule of constitutional law, merely provided statutory interpretation limited to the federal carjacking statute, and did not provide a constitutional rule of criminal procedure. As such, this Court dismissed Logan's petition.

Logan appealed to the Sixth Circuit. The Sixth Circuit granted a certificate of appealability on the issue of whether *Jones* applied to Logan's case and, if so, whether he

procedurally defaulted his *Jones* claim. The Sixth Circuit concluded that this Court incorrectly determined that *Jones* did not apply to Logan's case. *Logan v. United States*, 434 F.3d 503, 507 (6th Cir. 2006). Nevertheless, the Sixth Circuit affirmed this Court's judgment dismissing `Logan's § 2255 motion holding that "by failing to argue (at both trial and on direct appeal) the nonconstitutional, nonjurisdicitional issue that *Jones* resolved, Logan procedurally defaulted his *Jones* claim." The Sixth Circuit further held that even if it had determined that "Logan could not have reasonably contested the issue at trial or on appeal, he still cannot rely on *Jones* because the district court's incorrect interpretation of the statute at trial did not result in a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 509. The Sixth Circuit also explained that "[e]ven assuming there was a 'fundamental defect,' no miscarriage of justice or other extraordinary factor in this case allows Logan to rely in his motion on the change in statutory interpretation." *Id.*

Logan has now filed a Rule 60(b) motion in this Court arguing that the disposition of his § 2255 motion was the product of a "substantial defect in the integrity of the federal habeas proceeding." Logan explains the basis of this assertion as follows: "Petitioner in seeking relief previously raised serious Constitutional questions in which the prior determinations failed to reach the merits." DN 442 at 2. Logan then spends several pages discussing the manner in which he preserved the *Jones* issue at trial and on appeal and why his sentence runs afoul of *Jones*. *Id.* at 4-15. Logan's argument is best articulated on page six of his motion in which he states that the Court should grant his motion because: "The Sixth Circuit and the district court in making it's determination of the petitioner's petition, and the interpretation of the *Jones* case incorrectly limited the Constitutional application of *Jones*." *Id.* at 6.

3

**II.**

The Court must first determine whether it has jurisdiction to consider Logan's motion. Pursuant to 28 U.S.C. § 2255 "a second or successive motion must be certified as provided in section 2244[1] by a panel of the court appeals" before it may proceed. In *Nailor v. United States*, 487 F.3d 1018 (6th Cir. 2007), the Sixth Circuit recently adopted the reasoning from the United States Supreme Court's decision in a 28 U.S.C. § 2254 case, *Gonzalez v. Crosby*, 545 U.S. 524 (2005), regarding Rule 60 motions and successive habeas petitions and applied it to § 2255 motions. The *Nailor* court then explained that, "a Rule 60(b) motion should be considered a § 2255 motion to vacate, set aside, or correct the sentence 'if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the

---

[1]Title 28 U.S.C. § 2244 states, in relevant part:

   (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

   (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

      (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

         (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

      (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

substantive provisions of the statutes, entitled to habeas relief.'" *Id.* at 1022 (citing *Gonzalez*, 545 U.S. at 532).

In his Rule 60(b) motion, Logan is essentially challenging the Sixth Circuit's determination that his claims were procedurally defaulted. As such, Logan argues that the federal courts have failed to properly reach the merits of his "constitutional" claim. In *Gonzalez*, the Supreme Court explained that a prisoner is not attacking a previous ruling "on the merits" "when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 531 n.4. Here, Logan is attacking the Sixth Circuit's procedural ruling. As such, he is not attacking the resolution of his claim "on the merits." Therefore, this Court has jurisdiction to consider Logan's Rule 60(b) motion.[2]

### III.

Rule 60(b)(5) & (6) provides in relevant part that:

> [T]he court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A Rule 60(b) motion "is intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir. 2000).

---

[2]The United States concedes that "Logan properly brings his motion under Fed. R. Civ. P. 60(b)." DN 443 at 3 n.1 (citing *Gonzalez*, 545 U.S. at 532-33).

Logan has not established that either instance is applicable in this case.  He simply argues that the federal courts improperly failed to reach the merits of his claim.  The Sixth Circuit, however, has conclusively determined that Logan procedurally defaulted his *Jones'* claim, and its ruling is the law of the case, which this Court is bound to follow.  *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006).  As determined by the Sixth Circuit, Logan's *Jones'* claim is procedurally defaulted, and therefore, this Court's prior judgment dismissing his § 2255 motion was not in error and should stand.

Logan fails to show that he is entitled to relief from this Court's judgment, as affirmed by the Sixth Circuit, dismissing his § 2255 motion.  As such, Logan's Fed. R. Civ. P. 60(b) motion (DN 442) has no merit, and is, therefore, **DENIED**.

Before a movant may appeal the denial of a motion for relief from judgment filed pursuant to Fed. R. Civ. P. 60(b), a certificate of appealability (COA) must issue.  28 U.S.C. § 2253(c)(1)(A); *Jackson v. Crosby,* 437 F.3d 1290, 1294 (11th Cir. 2006) ("A certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a § 2254 or § 2255 proceeding."); *Kellogg v. Strack*, 269 F.3d 100, 103 (2nd Cir. 2001) ("The COA requirement provided in 28 U.S.C. § 2253(c) applies to an order denying a Rule 60(b) motion for relief from a judgment denying a § 2254 petition.").

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, **a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED.**

There being no just reason for delay in its entry, this is a final order.

Date:

cc: Defendant/movant, *pro se*
    Counsel of record

4413.008