UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:96-CR-20-R

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

v.

JOE A. LOGAN, SR.                                           DEFENDANT/PETITIONER

**OPINION AND ORDER**

This matter is before the Court on Petitioner Joe A. Logan, Sr.'s Motion for Reduction of Sentence (Docket #452) and Motion for Release (Docket #453). The Government has responded (Docket #455) and Petitioner has replied (Docket #456). This matter is now ripe for adjudication.

Following a trial by jury, Petitioner was found guilty of (1) conspiracy to commit mail fraud and arson in violation of 18 U.S.C. §§ 371, 844(i), and 1341, and (2) arson in violation of 18 U.S.C. § 844(i). Petitioner was sentenced to life imprisonment under the federal arson statute because the Court determined that the arson caused the deaths of four people. The Sixth Circuit affirmed Petitioner's conviction on direct appeal. The Supreme Court denied Petitioner's writ of certiorari.

Petitioner then moved to vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner argued that under the Supreme Court's decision in *Jones v. United States*, 526 U.S. 227 (1999), the sentence he received required a jury determination that death resulted from the arson. Because the Court determined that death resulted from the arson, Petitioner argued that his sentence was erroneous. Petitioner's motion was referred to the magistrate judge for a report and recommendation. The Court declined to adopt the magistrate judge's report in full and dismissed Petitioner's motion. In doing so, the Court found that *Jones* was limited to the federal carjacking

statute and did not apply to the federal arson statute. On appeal, the Sixth Circuit reversed the Court's finding, holding that *Jones* did apply to the federal arson statute. *See Logan v. United States*, 434 F.3d 503 (6th Cir. 2006). Nonetheless, the Sixth Circuit dismissed Petitioner's motion because he procedurally defaulted in failing to raise the *Jones* issue at trial or on direct appeal. *Id.* at 508.

Petitioner then moved for relief pursuant to Federal Rule of Civil Procedure 60(b), arguing that both the Court and the Sixth Circuit failed to reach the merits of Petitioner's claim in his § 2255 motion. Again relying on *Jones*, Petitioner argued that his sentence was erroneous and provided several reasons for why his claim was not procedurally defaulted. The Court denied Petitioner's motion on procedural grounds and declined to issue a certificate of appealability.

Petitioner now moves the Court to modify or reduce his sentence pursuant to 28 U.S.C. § 3582(c)(2). Under 28 U.S.C. § 3582(c)(2), the Court may modify a term of imprisonment once it has been imposed where the sentencing range has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). Petitioner argues that *United States v. Booker*, 543 U.S. 220 (2005), changed his relevant sentencing range and "recognized [a] vehicle for reduction of sentence when there is a clear cut violation of the Constitution." The "clear cut violation of the Constitution" to which Petitioner refers is the erroneous sentence imposed by the Court based on its determination that death resulted from the fire set by Petitioner. In response, the Government argues that Petitioner's § 3582(c)(2) motion should be construed as a second or successive § 2255 motion.

In *United States v. Carter*, the Sixth Circuit considered whether a § 3582 motion should be considered a second or successive § 2255 motion. 500 F.3d 486 (6th Cir. 2007). The court

found that there were sufficient similarities between § 3582 motions and Rule 60(b) motions to apply the Supreme Court's analysis in *Gonzales v. Crosby* concerning Rule 60(b) motions to § 3582 motions. *Id.* at 489. Applying the parameters of *Gonzales*, the Sixth Circuit concluded:

> When a § 3582 motion requests the type of relief that § 3582 provides for-that is, when the motion argues that sentencing guidelines have been modified to change the applicable guidelines used in the defendant's sentencing-then the motion is rightly construed as a motion to amend sentencing pursuant to § 3582. On the other hand, when a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion. Any second or successive § 2255 motion shall be subjected to the authorization process mandated by *In re Sims*, 111 F.3d 45 (6th Cir.1997).

*Id.*

In his motion, Petitioner fails to cite to any guideline amendment lowering his guideline range. Instead, Petitioner argues that his underlying sentence was unconstitutional because the Court, and not the jury, determined that death resulted from the fire set by Petitioner. This argument is the same as those previously made by Petitioner in his § 2255 and Rule 60(b) motions. Thus, Petitioner again attacks the merits of his sentencing, and not a change to the applicable guidelines used in his sentencing. Accordingly, the Court must construe Petitioner's § 3582 motion as a second § 2255 motion.

Under 28 U.S.C. § 2244(b)(3), a federal prisoner seeking to file a second or successive motion attacking a sentence under 28 U.S.C. § 2255 must first request from the court of appeals an order authorizing the district court to entertain the second or successive request. A second or

successive § 2255 motion filed in the district court without § 2244(b)(3) authorization from the court of appeals must be transferred to the court of appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997). Because Petitioner has filed his second § 2255 motion with the Court without first obtaining authorization from the Sixth Circuit, the Court must transfer Petitioner's motion to the Sixth Circuit.

Likewise, the Court cannot consider Petitioner's related motion for release at this time. Petitioner moves for his release on bond pending the disposition of his § 3582 motion. "In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.' There will be few occasions where a prisoner will meet this standard." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (internal citations omitted). Petitioner cannot show either a substantial claim of law or exceptional circumstances unless the Court considers the merits of Petitioner's § 3582 motion. However, the Court cannot do so until Petitioner first obtains an order from the court of appeals authorizing the Court to entertain his second § 2255 motion.

For the above reasons, **IT IS HEREBY ORDERED** that Petitioner's Motion for Reduction of Sentence is **TRANSFERRED** to the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631, as a second or successive § 2255 motion.