### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION
### CASE NO.: 1:96-CR-00020-TBR

**JOE LOGAN**                                                       **MOVANT/DEFENDANT**

**v.**

**UNITED STATES OF AMERICA**                              **RESPONDENT/PLAINTIFF**

### OPINION AND ORDER

This matter is before the Court upon Defendant, Joe Logan's, Motion to Vacate Pursuant to Rule 60(b) (Docket # 465).  The United States has filed a response (Docket # 466). This matter is now ripe for adjudication.  For the reasons that follow, Plaintiff's Motion to Vacate is **DENIED**.

This case arises from the jury conviction of Joe Logan and subsequent sentencing by this Court of life imprisonment and a five year term of supervised release. Logan attacked his sentence, pursuant to 28 U.S.C. § 2255, arguing that *Jones v. United States*, 526 U.S. 227 (1999), was applicable and therefore his life sentence exceeded the statutory maximum because the jury did not find that death resulted.  This Court ruled that *Jones* was not applicable to Logan's case and denied the relief he sought in his § 2255 motion.  Logan appealed to the Sixth Circuit which held that *Jones* did apply to Logan's case, but that Logan was procedurally barred from raising the issue in a § 2255 motion because he did not raise the issue on direct appeal.  *Logan v. United States*, 434 F.3d 503, 508 (6th Cir. 2006).  Logan now moves this Court to vacate the ruling of the Sixth Circuit under Rule 60(b).  Logan states he is "essentially challenging the sixth Circuit's determination that his *Jones* claim were (sic) procedurally defaulted."

Motions to reconsider under Rule 60(b) provide an "opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan.

1996).  Rule 60(b) motions fall within the sound discretion of the district court.  *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999).  Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances.  *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

However, "when a case has been remanded by an appellate court, the trial court is bound to proceed in accordance with the mandate and law of the case as established by the appellate court." *Hanover Ins. Co. v. American Engineering Co.*, 105 F.3d 306, 312 (6th Cir. 1997) (citation and internal quotations omitted).  The trial court is not permitted to reconsider identical issues that have already been determined by an appellate court.  *Id.*  The arguments presented by Logan are the same as those already considered by the Sixth Circuit, therefore this Court is precluded from reconsidering these arguments.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate is **DENIED**.