UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:96-CR-20-TBR

UNITED STATES OF AMERICA, PLAINTIFF

v.

JOE A. LOGAN, SR., DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Joe A. Logan's Motion for Compassionate Relief. [DN 519]. The Government responded, [DN 522], and Defendant replied, [DN 523]. Additionally, Defendant filed a Motion for Assignment of Counsel, [DN 516], to which the Government responded, [DN 517]. These matters are ripe for adjudication. For the reasons stated herein, Defendant's Motion for Compassionate Relief, [DN 519], is DENIED and the Motion for Assignment of Counsel, [DN 516], is DENIED AS MOOT.

**BACKGROUND**

In 1996**,** Defendant was a maintenance worker at Suresh Kumar's hotel in Bowling Green, Kentucky. [DN 522 at 590]. Kumar offered Defendant $3,500 to start a fire at the hotel so he could collect insurance money. *Id.* The fire killed four people and injured fifteen more. *Id.* Defendant was found guilty of arson resulting in death and injuries and received a life sentence. [DN 516-1 at 533].

In the instant motion, Defendant contends that his medical conditions constitute "extraordinary and compelling reasons" under the First Step Act ("FSA") that warrant a sentence reduction. [DN 519]. According to Defendant, he is eighty-one years old and suffers from prostate cancer, glaucoma, blindness, diabetes, and many other medical conditions. *Id.* at 562–63. If released, Defendant would live with his son in Missouri and support himself through his General

1

Motors pension, Medicare, and other services. *Id.* at 563. In response, the Government argues (1) Defendant failed to exhaust his administrative remedies; and (2) Defendant does not qualify for compassionate release based on the severity of his crime and his failure to accept responsibility for his actions. [DN 522 at 589].

## I. Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, --- F.Supp.3d ---, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). "Before passage of the First Step Act of 2018, district courts could grant compassionate release sentence reductions only upon a motion by the [Bureau of Prisons ("BOP")] Director." *Id.* (quoting Pub. L. No. 98-473, ch.II(D) §3582(c)(1)(A), 98 Stat. 2837 (1984)). However, under the FSA, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marhsall*, No. 3:16CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020) (quoting *Beck*, 2019 WL 2716505, at *5).

In this case, Defendant claims he exhausted his administrative remedies by submitting a motion for compassionate release to the Warden of his facility, who failed to respond within thirty days. [DN 519 at 561]. However, Defendant provided no documentation to support this assertion. Thus, the Court cannot find that Defendant exhausted his administrative remedies on this basis. Alternatively, Defendant has produced documents indicating that he requested compassionate release from the Warden in 2017; the Warden denied the request on September 18, 2017; and the request was subsequently reviewed and denied by BOP General Counsel on February 28, 2018.

[*See* DN 516-1]. The Government appears to argue that Defendant's request fails to satisfy the exhaustion requirements because it was submitted before the passage of the FSA and the BOP's corresponding revision of its program statement. [DN 522 at 593–94]. The Government cites no cases in support of its position, but at least one case in this Circuit suggests that defendants are not required to refile requests for sentence reductions in light of the FSA. *See United States v. York*, No. 3:11-CR-76, 2019 WL 3241166, at *6 (E.D. Tenn. July 18, 2019) ("Nothing in the amended language of § 3582(c)(1)(A) indicates that a defendant is required to file a new administrative request with the BOP, after the amendment of the statute, to qualify for filing a motion on his own behalf in the district court."). At this time, the Court declines to rule on whether compassionate release requests made prior to the FSA can satisfy exhaustion requirements because regardless of whether Defendant's claim is procedurally defaulted, he is not entitled to compassionate release due to the nature and severity of his crimes.

## II. Compassionate Release

When determining whether to grant compassionate release, courts must analyze the following factors: (1) whether extraordinary and compelling reasons warrant such a reduction; (2) the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 § U.S.C. § 3553(a). *Marshall*, 2020 WL 114437 at * 1 (citing 18 U.S.C. 3582(c)(1)(A)). The Court will address each factor in turn.

First, the Court must determine whether extraordinary and compelling reasons justify a sentence reduction. Congress has not defined what constitutes an "extraordinary and compelling" reason; however, it has charged the Sentencing Commission with "describing what should be considered extraordinary and compelling reasons for sentence reductions, including the criteria to be applied and a list of specific examples." *United States v. Webster*, No. 3:91CR138 (DJN),

2020 WL 618828, at *4 (E.D. Va. Feb. 10, 2020) (quoting 29 U.S.C. § 994(t)). The Sentencing Commission commentary provides that extraordinary and compelling reasons may exist due to the defendant's medical condition:

> A) Medical Condition of the Defendant.
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is-
> >
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. 1B1.13.

In this case, the BOP investigation confirmed that Defendant is over 77 years old, has a history of prostate cancer in remission, glaucoma, visual impairment in the left eye, type II diabetes, stage III chronic kidney disease, degenerative arthritis, folate deficiency, dysphasia, anemia, planta fascial fibromatosis, sciatica, arthropathy, reflux esophagitis, eczema, and depression. [DN 523-1 at 608–09]. Defendant relies on a cane and wheelchair for ambulation, requires an inmate assistant to help with wheelchair mobility, and requires assistance with some of his daily activities. *Id.* Based on this information, BOP determined that Defendant "is experiencing deteriorating mental and physical health that substantially diminishes his ability to function in a correctional environment." *Id.* Accordingly, the Court finds Defendant is eligible for compassionate release based on his medical condition.

Next, a sentence reduction must be consistent with Sentencing Commission policy which focuses on community safety. *United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019). The Sentencing Guidelines state that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community." *Id.* (quoting U.S.S.G. § 1B1.13(2)). "Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger." *Id.* Here, Defendant's criminal history includes arson resulting in death and injuries, first degree robbery, fourth degree assault, and other drug and alcohol related offenses. [DN 516-1 at 533]. However, Defendant argues that his advanced age and deteriorating health demonstrate that he would present no threat to any person or the community. [DN 519 at 564]. Despite Defendant's criminal history, the Court agrees that Defendant's age and physical condition greatly decrease the chances he will endanger others and notes that any risk Defendant may pose to the community could be "managed by the terms of his supervised release." *See Willis*, 382 F. Supp. 3d at 1188 ("[G]iven Defendant's health problems, the Court is convinced any risk can be managed by the terms of his supervised release."); *United States v. Wong Chi Fai*, No. 93-CR-1340 (RJD), 2019 WL 3428504, at *3 (E.D.N.Y. July 30, 2019) ("His frail condition demonstrates that there are conditions the Court could impose to reasonably assure the safety of any other person and the community.") (internal quotations omitted); *United States v. York*, No. 3:11-CR-76, 2019 WL 3241166, at *7 (E.D. Tenn. July 18, 2019). Accordingly, the Court finds a sentence reduction would be consistent with Sentencing Commission policy.

Finally, the Court must weigh the sentencing factors in § 3553(a) to determine whether Defendant's sentence should be reduced. *Willis*, 382 F.Supp.3d at 1188. Pursuant to § 3553(a), a court imposing a sentence shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];

(5) any pertinent policy statement . . . by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C § 3553(a).

Here, the first two factors weigh heavily against compassionate release. Defendant was sentenced to life in prison for setting a hotel on fire, which ultimately killed four people and injured fifteen others. Although he has served more than 22 years of his sentence and is suffering from serious health conditions, the Court finds that reducing Defendant's sentence would minimize the nature and seriousness of the offense. Similar cases involving defendants with less serious criminal histories support this finding. *See Webster*, 2020 WL 618828, at *7 ("Even taken in a vacuum, the felon-in-possession charge represents a serious offense."); *Willis*, 382 F.Supp.3d at 1189 ("Releasing defendant after only five months would minimize both the impact on the victims and the extent of the fraud."). Moreover, the Court believes that granting a sentence reduction would be unjust in light of the four individuals who lost their lives due to Defendant's actions. *Willis*, 382

F.Supp.3d at 1189. Although the Court sympathizes with Defendant's current medical condition, Defendant's Motion for Compassionate Relief must be DENIED.

## CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED**: Defendant's Motion for Compassionate Relief, [DN 519], is **DENIED**. Since Defendant has no pending motions before the Court, the Motion for Assignment of Counsel, [DN 516], is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

February 13, 2020

CC: Attorneys of Record

Joe A. Logan, Sr.
05874-033
TERRE HAUTE
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808