UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 1:96-CR-20-TBR

UNITED STATES OF AMERICA,                                                                    PLAINTIFF

v.

JOE A. LOGAN, SR.,                                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Joe A. Logan's Motion for Compassionate Release in Light of COVID-19, or alternatively, Motion for Home Incarceration/Release, and Motion to Appoint Counsel. [DN 539]. The Government has responded with a Motion to Dismiss. [DN 540]. This matter is ripe for adjudication. For the reasons stated herein, Defendant's Motion for Compassionate Release, [DN 539], is **DENIED**. Defendant's alternative Motion for Home Incarceration/Release, [DN 539], is **DENIED**, and Defendant's Motion to Appoint Counsel, [DN 539] is **DENIED AS MOOT**.

### BACKGROUND

In 1996**,** Defendant was a maintenance worker at Suresh Kumar's hotel in Bowling Green, Kentucky. [DN 522 at 590]. Kumar offered Defendant $3,500 to start a fire at the hotel so he could

collect insurance money. *Id.* The fire killed four people and injured fifteen more. *Id.* Defendant was found guilty of arson resulting in death and injuries and received a life sentence. [DN 535].

In the instant motion, Defendant first contends that his age, underlying medical conditions, and the coronavirus constitute "extraordinary and compelling reasons" under the First Step Act ("FSA") that warrant a sentence reduction. [DN 539]. According to Defendant, he is eighty-one years old, and is presently under treatment for GERD, hypertension, hernia, congestive heart failure, diabetes, glaucoma, atrial fibrillation, and blindness. [*Id.* at 3]. If released, Defendant would live with his wife and son in Missouri and support himself through his General Motors pension, Medicare, and other services. [*Id.*] Second, Defendant requests relief under the CARES Act, PL 116-136, 134 Stat. 281 (March 27, 2020), a statutory provision that lengthens the maximum period of time that the BOP director can authorize home confinement for a prisoner during the "emergency period" that has been declared due to COVID-19. In response, the Government argues (1) Defendant failed to exhaust his administrative remedies on his compassionate release motion; and (2) the Court has no jurisdiction to consider Defendant's alternative request that the Court recommend that the BOP release him to home confinement. [DN 539; DN 540-1].

## LEGAL STANDARD

"The court may not modify a term of imprisonment once it has been imposed except that-

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after

> considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

In considering a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), a district court shall engage in a "three-step inquiry." *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *1 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 . . . [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B1.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). Congress provided no statutory definition of "extraordinary and compelling reasons" in section 3582(c)(1)(A). *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, Congress directed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *1 (E.D. Ky. Dec. 29, 2020) (quoting 28 U.S.C. § 994(t)). Those descriptions are found in § 1B1.13 of the United States Sentencing Guidelines (policy statement) and the application notes to that section.

This policy statement describes four categories of extraordinary and compelling reasons. The first three relate to an inmate's serious medical conditions, age, and status as a caregiver. U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* The last category is a catch-all provision titled "Other Reasons," which reads: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, cmt. n.1(D).

After considering whether extraordinary and compelling reasons warrant a sentence reduction and whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, the district court proceeds to the third and final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)); *Elias*, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1101); *Jones*, 980 F.3d at 1108.

## DISCUSSION

### I. Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, --- F.Supp.3d ----, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

Here, Defendant claims he exhausted his administrative remedies by submitting a request to the Bureau of Prisons but the "BOP declined to consider the application." [DN 539 at 7]. On March 24, 2020, the Warden responded to and denied Defendant's "Request for Compassionate Release/Reduction in Sentence (RIS) based on the provisions for Debilitated Medical Condition pursuant to the First Step Act. [DN 540-2; DN 540-3]. The Warden's stated reasons for denying Defendant's request were that Defendant's "[medical] condition(s) is not to a point where you possess cognitive or physical limitations which substantially diminish your ability to function in a correctional facility." [DN 540-3]. The Government argues that Defendant failed to properly exhaust his administrative remedies because even though Defendant asked his warden for compassionate release, his request was not based on the circumstances he raised in his motion to the Court—the threat to his health from the coronavirus. [DN 540 at 4].

In support of its position, the Government cites to *United States v. Dougherty*, No. 2:18-cr-229-2, 2020 WL 1909964, at *2 (S.D. Ohio April 4, 2020) ("Under § 3582(c)(1)(A), the

defendant was required to submit a request to the warden to file a motion for reduction of sentence on her behalf based on the circumstances discussed in her pending motion. . . Defendant must first exhaust her prison administrative remedies by filing a request with the warden which addresses her COVID-19 concerns, her other health conditions, and any relevant family circumstances."). There is at least one case in the Eastern District of Kentucky where defendant's § 3582(c)(1)(A) motion was denied because the grounds for relief sought in the motion (i.e., the possibility that defendant might contract COVID-19 if not released) were not included as grounds for relief sought in prior administrative proceedings. *See United States v. Girod,* No. 5:15-087, 2020 WL 1931242, at *3 (E.D. Ky. Apr. 21, 2020).

Here, under § 3582(c)(1)(A), Defendant was required to submit a request to his warden based on the same circumstances he raised in his motion to the Court—the threat to his health posed by the coronavirus. Defendant failed to do so. Thus, Defendant has not shown that he has exhausted his administrative remedies. Absent a showing of exhaustion, this Court cannot rule on Defendant's request for a reduction in sentence.

Moreover, pursuant to the Sixth Circuit's decision in *United States v. Alam*, this Court lacks the authority to waive the statutorily mandated exhaustion requirement and must enforce 18 U.S.C. §3582(c)(1)(A)'s filing requirements. *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). In *Alam*, the Sixth Circuit explains:

> Because "Congress sets the rules" when it comes to statutory exhaustion requirements, the judiciary has a role to play in exception-crafting "only if Congress wants [it] to." *Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016)). Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions. The language Congress used is quite mandatory anyway. It says a "court may not" grant relief without complying with the exhaustion requirement, 18 U.S.C. § 3582(c), and thus operates as an "unyielding procedural requirement[ ]," *United States v. Dowl*, 956 F.3d 904, 908 (6th Cir. 2020) (per curiam).

*Id.* at 834. Because Defendant has not satisfied the exhaustion requirement, this Court lacks the authority to address the merits of Defendant's motion for compassionate release. Therefore, Defendant's motion must be dismissed.

## II. Appointment of Counsel

Finally, Defendant requests that the Court appoint counsel. [DN 56]. However, as there is no general constitutional right to appointed counsel in post-conviction proceedings, Defendant's request will be denied. *United States v. Clark*, No. 3:09-CR-90-CRS, 2020 WL 3977652 at *4 (W.D. Ky. July 14, 2020). Moreover, "[n]o constitutional or statutory right to counsel exists for filing motions under 18 U.S.C. § 3582." *United States v. Clark*, No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019) (citing *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009) (collecting cases)). Instead, the decision to appoint counsel lies within the Court's discretion but doing so is unnecessary where the issues raised in a § 3582 motion "are straightforward and resolvable upon review of the record." *Id.*

The Court finds that appointment of counsel is not necessary for Defendant to pursue compassionate release in this case. Here, the issues raised in Defendant's motion concerning a sentence modification are straightforward and resolvable upon a review of the record. The Court finds that the nature of Defendant's motion demonstrates that he has the capacity and the means to effectively set forth the facts, claims, and argument necessary to pursue this § 3582 action without the assistance of counsel. Thus, Defendant's motion for appointment of counsel, [DN 56], is DENIED AS MOOT.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, [DN 539], is **DENIED WITHOUT PREJUDICE**. However, the Court will reconsider a motion for compassionate release on the merits after Defendant has properly exhausted his administrative remedies. Defendant's alternative Motion for Home Incarceration/Release, [DN 539], is **DENIED**, and Defendant's Motion to Appoint Counsel, [DN 539] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 11, 2021

CC: **Joe A. Logan, Sr.**
05874-033
TERRE HAUTE
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808
PRO SE