UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:96-CR-00020-TBR-3

**UNITED STATES OF AMERICA,**                                                              **PLAINTIFF**

v.

**JOE A. LOGAN, SR.,**                                                                              **DEFENDANT**

### MEMORANDUM OPINION & ORDER

This matter is before the Court on Defendant Joe A. Logan, Sr.'s "Motion to Reduce Sentence Pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i)," ("Motion to Reduce Sentence"), [DN 544]. Plaintiff filed a supplement to this motion, [DN 546]. The United States responded, [DN 549], and Defendant replied. [DN 550]. Also before the Court is Defendant Logan's "Indigent Defendant's Renewed and Revised Motion for Appointment of Counsel to Assist with His Pending [18 U.S.C. § 3582] Motion" ("Motion for Appointment of Counsel"), [DN 551]. These matters are ripe for adjudication. For the reasons stated herein, the Court will deny both of Defendant's motions.

**I.     BACKGROUND**

In 1996**,** Defendant was a maintenance worker at Suresh Kumar's hotel in Bowling Green, Kentucky. [DN 522 at 590]. Kumar offered Defendant $3,500 to start a fire at the hotel so he could collect insurance money. *Id.* The fire killed four people and injured fifteen more. *Id.* Defendant was found guilty of arson resulting in death and injuries and received a life sentence. [DN 535]. Defendant has since filed various motions for post-conviction relief, including multiple motions seeking compassionate release under § 3582. *See, e.g.* [DN 519; DN 539].

In his present motion, Defendant seeks a sentence reduction under § 3582, citing extraordinary and compelling reasons. [DN 544]. Defendant lists his age, health concerns, and a

1

post-sentencing change in law, as extraordinary and compelling grounds for release. *Id.* The Court has previously held that Logan's health concerns amount to extraordinary and compelling, but denied compassionate release based on the applicable § 3553(a) factors. [DN 535]. The Government argues that because the Court has already determined that the § 3553(a) factors do not warrant a reduction in Defendant's sentence, and because Logan has not provided any additional information meriting reconsideration of the factors, the motion should be denied. [DN 549]. The Court agrees.

## II. LEGAL STANDARD

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3852(c) provides that:

> The court may not modify a term of imprisonment once it has been imposed except that-
>
> (1) In any case—
>
>> (A) *the court*, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier *may reduce the term of imprisonment* (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*
>>
>>> *(i) extraordinary and compelling reasons warrant such a reduction . . . .*

18 U.S.C.A. § 3582(c)(1)(A) (emphasis added).

"The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the [Bureau of Prison's ("BOP")] administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), 18 U.S.C. § 3582(c)(1)(A) requires the Court to engage in a "three-step inquiry" in reviewing compassionate release motions. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 . . . [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, U.S. Sentencing Guideline § 1B1.13 is no longer an

"applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion ... to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

After considering whether extraordinary and compelling reasons warrant a sentence reduction, the district court proceeds to the final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *Elias*, 984 F.3d at 518 (citing *Jones*, 980 F.3d at 1101, 1108). Additionally, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

### III.   DISCUSSION

#### A.  Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, 425 F.Supp.3d. 573, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to

"consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

In the present case, Defendant claims that he "fully exhausted all administrative remedies." [DN 544]. Logan contends that he sent a request to the Warden which was "untimely" denied. *Id.* Defendant provides no documentation in support of this; however, the Government does not dispute that Logan satisfied the exhaustion requirements. [DN 549]. Without documentation on the matter, the Court declines to hold that Defendant has properly exhausted his administrative remedies under the First Step Act. Notwithstanding the potential procedural issue, Logan is not entitled to compassionate release due to the nature and severity of his crimes.

### B. Extraordinary and Compelling Reasons

The Court has already determined that Defendant's health conditions constitute extraordinary and compelling reasons. [DN 535]. As such, the Court need not address the effect of a post-conviction change in law. Further, Defendant's medical condition, according to his present motion, continues to deteriorate. [DN 544; DN 550]. Accordingly, the Court again finds that Defendant has demonstrated extraordinary and compelling reasons for release. However, the Court must also consider the factors set forth in 18 U.S.C. § 3553(a). The Court considers these factors below and finds that they weigh against release.

### C. 18 U.S.C. § 3553(a) Factors

Pursuant to § 3553(a), a court imposing a sentence shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];
>
> (5) any pertinent policy statement . . . by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that compassionate release is not appropriate in this case. In the present case, the nature and circumstances of the crime are serious and weigh against compassionate release. Defendant set a fire that killed four and injured fifteen others. The Court, as previously stated, believes that granting a sentence reduction would be unjust considering the victims in this case. Defendant argues that if he is not granted compassionate release that the Court is essentially "[t]ransmuting the Life Sentence into a death sentence by other means." Death while incarcerated, however, is one of the main factors considered when a life sentence is imposed.

The Court is sympathetic to Defendant's failing health. However, the Court again finds that releasing Defendant at this time would minimize the seriousness of his crimes, fail to afford adequate deterrence to criminal conduct, and would be unjust in light of the serious nature of his crimes. Accordingly, the Court finds that the nature and circumstances of the present offenses and

Defendant's history and characteristics weigh heavily against release. Therefore, the Court will deny Defendant's motion under 18 U.S.C. § 3553(a)

### D. Request for Oral Argument

The Court notes that Defendant requested oral argument on his motion. [DN 544]. However, upon reviewing the briefs in this matter and the record in this case, the Court determined that the issues raised in Defendant's motion are straightforward and resolvable upon a review of the record. Oral argument is therefore unwarranted.

### E. Motion for Appointment of Counsel

Defendant has also filed a motion for appointment of counsel. [DN 551]. However, as there is no general constitutional right to appointed counsel in post-conviction proceedings, Defendant's request will be denied. *United States v. Clark*, No. 3:09-CR-90-CRS, 2020 WL 3977652 at *4 (W.D. Ky. July 14, 2020). Moreover, "[n]o constitutional or statutory right to counsel exists for filing motions under 18 U.S.C. § 3582." *United States v. Clark*, No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019) (citing *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009) (collecting cases)). Instead, the decision to appoint counsel lies within the Court's discretion but doing so is unnecessary where the issues raised in a § 3582 motion "are straightforward and resolvable upon review of the record." *Id.*

The Court finds that appointment of counsel is not necessary in this case. Here, the issues raised in Defendant's motion are straightforward and resolvable upon a review of the record, as set forth in more detail above. The Court finds that the nature of Defendant's motion demonstrates that he has the capacity and the means to effectively set forth the facts, claims, and argument necessary to pursue this § 3582 action without the assistance of counsel. Accordingly, his request for counsel will be denied.

### IV. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Defendant's "Motion to Reduce Sentence Pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i)," [**DN 544**], is **DENIED** and Defendant's "Indigent Defendant's Renewed and Revised Motion for Appointment of Counsel to Assist with His Pending [18 U.S.C. § 3582] Motion," [**DN 551**], is also **DENIED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

February 28, 2022

cc: Counsel of Record

**Joe A. Logan, Sr.,** *pro se*
05874-033
TERRE HAUTE
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

8